# EXHIBIT A

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                03/08/2022 10:34 AM

**Court :** [ 067 ▾ ]   **Case :** [ 331797 ]   [ Search ]   [ New Search ]   ☐ Show Service Documents ONLY

**Cause Number : 067-331797-22**                     **Date Filed : 02-03-2022**

STEPHANIE VALASQUEZ **| VS |** DART TRANSIT COMPANY, ET AL

**Cause of Action :** INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

**Case Status :** PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 02-03-2022 | PLTF'S ORIG PET | [PDF] | N | | $350.00 | |
| 02-03-2022 | PAYMENT RECEIVED trans #1 | | Y | | | $213.00 |
| 02-03-2022 | PAYMENT PAID TO STATE trans #1 | | Y | | | $137.00 |
| 02-03-2022 | CIT Sec of St-ISSUED ON DART TRANSIT COMPANY-On 02/07/2022 | [PDF] | N | Svc | $8.00 | |
| 02-03-2022 | PAYMENT RECEIVED trans #4 | | Y | | | $8.00 |
| 02-03-2022 | CIT-ISSUED ON THOMAS RASHAD-On 02/07/2022 | [PDF] | N | Svc | $8.00 | |
| 02-03-2022 | PAYMENT RECEIVED trans #6 | | Y | | | $8.00 |
| 02-03-2022 | LTR REQ CIT BY EMAIL (SENT TO DP EM) | [PDF] | | | | $0.00 |
| 02-03-2022 | JURY REQUESTED | | | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 02-17-2022 | <u>AFFD OF SRV-CIT#4</u> | | | <u>$0.00</u> |
| 02-17-2022 | <u>AFFD OF SRV-CIT#6</u> | | | <u>$0.00</u> |
| 02-17-2022 | <u>CIT Sec of St Tr# 4 RET EXEC(DART TRANSIT COMPANY) On 02/10/2022</u> | | | <u>$0.00</u> |
| 02-17-2022 | <u>CIT Tr# 6 RET EXEC(THOMAS RASHAD) On 02/10/2022</u> | | | <u>$0.00</u> |
| 03-04-2022 | <u>DEFN DART TRANSIT CO'S ORIG ANS</u> | | | <u>$0.00</u> |
| 03-04-2022 | <u>DEFN RASAN THOMAS ORIG ANS</u> | | | <u>$0.00</u> |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| STEPHANIE VALASQUEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __4:22-cv-177__ |
| DART TRANSIT COMPANY and | § | **(removed from 67th District** |
| THOMAS RASHAD | § | **Court, Tarrant County, Texas,** |
| | | **Cause No. 067-331797-22)** |
| | § | |
| Defendant. | § | |

**INDEX OF STATE COURT FILINGS**

| Exhibit | Filing | Date Filed in State Court |
|---|---|---|
| B-1 | Plaintiffs' Original Petition | 2/3/22 |
| B-2 | Citation Issued – Dart Transit Company | 2/3/22 |
| B-3 | Citation Issued – Thomas Rashad | 2/3/22 |
| B-4 | Letter requesting citaions via email | 2/3/22 |
| B-5 | Affidavit of Service – Dart Transit Company | 2/17/22 |
| B-6 | Affidavit of Service – Thomas Rashad | 2/17/22 |
| B-7 | Defendant Dart Transit Company's Original Answer | 3/4/22 |
| B-8 | Defendant Rasan Thomas Original Answer | 34/22 |

# EXHIBIT B-1

FILED
TARRANT COUNTY
2/3/2022 3:43 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 067-331797-22 _____

| | | |
|---|---|---|
| STEPHANIE VALASQUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| DART TRANSIT COMPANY AND | § | |
| THOMAS RASHAD | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Stephanie Valasquez ("Plaintiff") files this Original Petition complaining of Defendants Dart Transit Company and Thomas Rashad ("Defendants") and for cause of action states the following:

## DISCOVERY CONTROL PLAN

1.      Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

## JURY DEMAND

2.      Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

## PARTIES

3.      Plaintiff Stephanie Valasquez is an individual residing in Tarrant County, Texas.

4.      Defendant Thomas Rashad is a nonresident. A current search of records indicates that he resides at 78 Savage Road, Vicksburg, MS 39180 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, pursuant to Tex.Civ. Prac. & Rem. Code § 17.062.

5.      Defendant Dart Transit Company is a non-resident foreign entity that is doing business in the State of Texas; a current search of records from the Texas Secretary of State (a) does not reveal the correct corporate entity name, (b) does not reflect a regular place of business in Texas, and (c) does not designate an agent for service of process.  This non-resident entity is doing business in the State of Texas, therefore pursuant to CPRC § 17.044 service of process may be accomplished by service on the Secretary of State, Citations Unit, 1019 Brazos, Room 105, Austin, Travis County, 78701 who will accomplish service upon Dart Transit Company by mailing a copy of the citation and petition to the Defendant by registered mail or certified mail return receipt requested to its registered agent Judy Nelson at 800 Lone Oak Road, Eagan, MN 55121.

## VENUE AND JURISDICTION

6.      Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

7.      This lawsuit is based on a motor vehicular collision occurring on or about April 27, 2021, at or near the intersection of Interstate Highway 820 and Riverside Drive in Fort Worth, Texas (hereinafter referred to as "The Collision").

8.      The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

## CAUSES OF ACTION
### Negligence, Negligence *Per Se*, and/or Gross Negligence and *Respondeat Superior*

9.      At the time of The Collision, Defendant Thomas Rashad was negligent and / or negligent *per se* in one or more of the following particulars:

     a.      In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

     b.      In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

     c.      In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

     d.      In failing to yield the right-of-way;

     e.      In failing to maintain the vehicle under control;

     f.      In following too closely;

     g.      In disregarding traffic signals;

     h.      In failing to take proper evasive action;

     i.      In driving while inattentive;

     j.      In driving while looking at Defendant's cell phone, texting, emailing, or otherwise using a cellular device which diverted Defendant's attention from the road in front of Defendant; and

     k.      In violating Texas Transportation Code Section 545.4251 (use of portable wireless communication device for electronic messaging).

10.    At the time of The Collision, Defendant Thomas Rashad was acting in the course and scope of his employment with Dart Transit Company. As a result, Defendant Dart Transit Company is legally liable for the acts and omissions of negligence of Defendant Thomas Rashad under the doctrine of *respondeat superior*.

11.    Defendant Dart Transit Company was negligent in hiring Defendant Thomas Rashad as a driver and negligent in allowing him to continue driving vehicles for them when they reasonably should have known that it was unsafe to do so.  It was also negligent in its training of Defendant Thomas Rashad and its operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

12.    The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendant Dart Transit Company guilty of gross negligence.  Defendants' acts of negligence, when viewed objectively from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to

others.   Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.  The gross negligence of Defendants was a proximate cause of the Collision and of the damages and injuries alleged herein.  As a result of Defendants' gross negligence, Plaintiff seeks exemplary damages in an amount in excess of the jurisdictional limits of this Court.

13.     Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, negligence *per se*, and/or gross negligence, which proximately caused The Collision and Plaintiff's injuries and damages.

## **PERSONAL INJURIES AND DAMAGES**

14.      As a result of Defendants' negligent actions, Stephanie Valasquez suffered personal injuries.  Consequently, Stephanie Valasquez seeks recovery of the following damages:

    a.    Medical Expenses:  Stephanie Valasquez incurred bodily injuries, which were caused by The Collision and Stephanie Valasquez incurred medical expenses for treatment of such injuries.  Stephanie Valasquez believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b.    Physical Pain:  Stephanie Valasquez endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c.    Mental Anguish:  Stephanie Valasquez endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

    d.    Disfigurement: Stephanie Valasquez endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

    e.    Impairment: Stephanie Valasquez endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    f.    Loss of Earning Capacity:  Stephanie Valasquez lost earnings as a result of the personal injuries sustained in The Collision. Stephanie Valasquez

reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

## **AGGRAVATION**

15.    In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## **U.S. LIFE TABLES**

16.    Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter.  Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## **RELIEF SOUGHT**

17.    Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case.  All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

18.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in excess of $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

19.     Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried

after which Plaintiff recover:

    a.    Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;

    b.    Pre-judgment interest at the maximum amount allowed by law;

    c.    Post-judgment interest at the maximum rate allowed by law;

    d.    Costs of suit; and

    e.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**REYES | BROWNE | REILLEY**


   */s/ Timothy R. Reilley*
**Timothy R. Reilley**
State Bar No. 00797297
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
Email:  tim@reyeslaw.com

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT B-2

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                     *Cause No. 067-331797-22*

STEPHANIE VALASQUEZ
VS.
DART TRANSIT COMPANY, ET AL

To and through the Secretary Of State, Statutory Documents Section, PO Box 12079, Austin TX 78711-2079
TO: DART TRANSIT COMPANY

B/S REG AGENT-JUDY NELSON 800 LONE OAK RD EAGAN, MN 55121-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

STEPHANIE VALASQUEZ

Filed in said Court on February 3rd, 2022 Against
THOMAS RASHAD, DART TRANSIT COMPANY

For suit, said suit being numbered 067-331797-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

### TIMOTHY R REILLEY
Attorney for STEPHANIE VALASQUEZ Phone No. (214)526-7900
Address      8222 DOUGLAS AVE STE 400 DALLAS, TX 75225

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 7th day of February, 2022.

By _____ Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *06733179722000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                              _____
County of _____, State of _____

# CITATION

Cause No. 067-331797-22

STEPHANIE VALASQUEZ

VS.

DART TRANSIT COMPANY, ET AL

ISSUED

This 7th day of February, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By _____ NATALIE THIGPEN Deputy

TIMOTHY R REILLEY
Attorney for: STEPHANIE VALASQUEZ
Phone No. (214)526-7900
ADDRESS: 8222 DOUGLAS AVE STE 400

DALLAS, TX 75225

*CIVIL LAW*

*5673317972200004*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# EXHIBIT B-3

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 067-331797-22*

### STEPHANIE VALASQUEZ
### VS.
### DART TRANSIT COMPANY, ET AL

To and through the Texas Transportation Commission, 125 E 11th St, Austin, Texas 78701-2483
TO: THOMAS RASHAD

78 SAVAGE RD VICKSBURG, MS 39180-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE TEXAS TRANSPORTATION COMMISSION, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

STEPHANIE VALASQUEZ

Filed in said Court on February 3rd, 2022 Against
THOMAS RASHAD, DART TRANSIT COMPANY

For suit, said suit being numbered 067-331797-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### TIMOTHY R REILLEY
Attorney for STEPHANIE VALASQUEZ Phone No. (214)526-7900
Address     8222 DOUGLAS AVE STE 400 DALLAS, TX 75225

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 7th day of February, 2022.

By _____ Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *06733179722000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

*CITATION*

Cause No. 067-331797-22

STEPHANIE VALASQUEZ

VS.

DDART TRANSIT COMPANY, ET AL

ISSUED

This 7th day of February, 2022

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By _____
NATALIE THIGPEN Deputy

TIMOTHY R REILLEY
Attorney for: STEPHANIE VALASQUEZ
Phone No. (214)526-7900
ADDRESS: 8222 DOUGLAS AVE STE 400

DALLAS, TX 75225

*CIVIL LAW*

*7331797322000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# EXHIBIT B-4

067-331797-22

FILED
TARRANT COUNTY
2/3/2022 3:43 PM
THOMAS A. WILDER
DISTRICT CLERK

# REYES | BROWNE | REILLEY

8222 Douglas Avenue, Ste. 400
DALLAS, TEXAS 75225
**www.ReyesLaw.com**
214.526.7900 T 877.308.7900 T 214.526.7910 F

---

February 2, 2022

Tarrant County District Clerk
100 N. Calhoun
Fort Worth, Texas  76092

**RE:** STEPHANIE VALASQUEZ VS. DART TRANSIT OMPANY AND THOMAS RASHAD

Dear Clerk:

Please issue citation and e-serve and/or email to AllianceTexas@hotmail.com. Please contact Christian Barragan with any questions.

Thank you for your attention in this matter.

Sincerely,

/s/ Spencer P. Browne
Spencer P. Browne  SBN24040589
spencer@reyeslaw.com
✔ /s/ Timothy R. Reilley
Timothy R. Reilley  SBN00797297
tim@reyeslaw.com
/s/ Max M. Murphy
Max M. Murphy  SBN24098159
max@reyeslaw.com
/s/ Ryan J. Browne
Ryan J. Browne  SBN00796262
ryan@reyeslaw.com
21043087532    REYES BROWNE REILLEY
8222 Douglas Ave., Ste. 400 Dallas,
TX  75225
214-526-7900  /  214-526-7910  (fax)
ATTORNEYS FOR PLAINTIFF

# EXHIBIT B-5

# AFFIDAVIT OF SERVICE

FILED
TARRANT COUNTY
2/17/2022 12:48 PM
THOMAS A. WILDER
DISTRICT CLERK

**State of Texas**     **County of TARRANT**     **67th District Court**

067-331797-22

Case Number: 06733179722

Plaintiff:
**STEPHANIE VELASQUEZ**

vs.

Defendant:
**DART TRANSIT COMPANY AND THOMAS RASHAD**

For:
Timothy R. Reilley
REYES  BROWNE
8222 Douglas Avenue
Suite 400
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 10th day of February, 2022 at 11:46 am to be served on **DART TRANSIT COMPANY BY DELIVERING THROUGH THE SECRETARY OF STATE, 1019 BRAZOS, ROOM 105, AUSTIN, TRAVIS County, TX 78701.**

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **10th day of February, 2022 at 3:24 pm, I:**

executed to the **SECRETARY OF STATE** by delivering in duplicate a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of delivery endorsed thereon by me, to: **Michael Orta** at **1019 BRAZOS, ROOM 105, AUSTIN, TRAVIS County, TX 78701**, as the designated agent for the Texas Secretary of State to accept delivery of process on behalf of **DART TRANSIT COMPANY**.  An administrative fee of $55.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 10th day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

Dane Ray Cuppett
PSC-7114, Exp. 10/31/23

Date  2/10/2022

**Alliance Civil Process, Inc.
136 W. McLeroy Blvd.
Suite A
Saginaw, TX 76179
(817) 306-4150**

Our Job Serial Number: FWT-2022000324
Ref: 21043087532

$90

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                        *Cause No. 067-331797-22*

STEPHANIE VALASQUEZ
VS.
DART TRANSIT COMPANY, ET AL
To and through the Secretary Of State, Statutory Documents Section, PO Box 12079, Austin TX 78711-2079
TO: DART TRANSIT COMPANY

B/S REG AGENT-JUDY NELSON 800 LONE OAK RD EAGAN, MN 55121-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

STEPHANIE VALASQUEZ

Filed in said Court on February 3rd, 2022 Against
THOMAS RASHAD, DART TRANSIT COMPANY

For suit, said suit being numbered 067-331797-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

TIMOTHY R REILLEY
Attorney for STEPHANIE VALASQUEZ Phone No. (214)526-7900
Address     8222 DOUGLAS AVE STE 400 DALLAS, TX 75225
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 7th day of February, 2022.

By _____ Natalie Thigpen _____

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 02/07/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:/s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN  *06733179722000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____   _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# EXHIBIT B-6

FILED
TARRANT COUNTY
2/17/2022 12:51 PM
THOMAS A. WILDER
DISTRICT CLERK

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of TARRANT**                    **67th District Court**

Case Number: 06733179722

Plaintiff:
**STEPHANIE VELASQUEZ**

vs.

Defendant:
**DART TRANSIT COMPANY AND THOMAS RASHAD**

For:
Timothy R. Reilley
REYES  BROWNE
8222 Douglas Avenue
Suite 400
Dallas, TX 75225

Received by Alliance Civil Process, Inc. on the 10th day of February, 2022 at 11:47 am to be served on **THOMAS RASHAD BY DELIVERING THROUGH THE TEXAS TRANSPORTATION COMMISSION, 125 E. 11TH STREET, AUSTIN, TRAVIS County, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **10th day of February, 2022** at 3:29 pm, I:

served the **TRANSPORTATION COMMISSION** by delivering in duplicate a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of service endorsed thereon by me, to: **Jenna Townsend** at **125 E. 11TH STREET, AUSTIN, TRAVIS County, TX 78701**, as the designated agent for the Texas Transportation Commission to accept service of process on behalf of **THOMAS RASHAD**.  An administrative fee of $25.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 10th
day of February , 2022 by the affiant
who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23

2/10/2022
**Date**

**Alliance Civil Process, Inc.**
**136 W. McLeroy Blvd.**
**Suite A**
**Saginaw, TX 76179**
**(817) 306-4150**

Our Job Serial Number: FWT-2022000323
Ref: 21043087532



Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t

## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**CITATION**

*Cause No. 067-331797-22*

STEPHANIE VALASQUEZ

VS.

DART TRANSIT COMPANY, ET AL

To and through the Texas Transportation Commission, 125 E 11th St, Austin, Texas 78701-2483
TO: THOMAS RASHAD

78 SAVAGE RD VICKSBURG, MS 39180-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE TEXAS TRANSPORTATION COMMISSION, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.
You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

STEPHANIE VALASQUEZ

Filed in said Court on February 3rd, 2022 Against
THOMAS RASHAD, DART TRANSIT COMPANY

For suit, said suit being numbered 067-331797-22 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

### TIMOTHY R REILLEY
Attorney for STEPHANIE VALASQUEZ Phone No. (214)526-7900
Address    8222 DOUGLAS AVE STE 400 DALLAS, TX 75225

Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 7th day of February, 2022.

By _____

NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 02/07/2022
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *06733179722000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# EXHIBIT B-7

067-331797-22

FILED
TARRANT COUNTY
3/4/2022 3:44 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 067-331797-22

| | | |
|---|---|---|
| **STEPHANIE VALASQUEZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **67TH JUDICIAL DISTRICT** |
| | § | |
| **DART TRANSIT COMPANY and** | § | |
| **THOMAS RASHAD** | § | |
| | § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

### DEFENDANT DART TRANSIT COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dart Transit Company ("Defendant"), defendant in the above-referenced Cause, and files this, its Original Answer, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

1.     Subject to such stipulations and admissions as have been made and may be made hereafter at or before trial, Defendant denies the allegations made by Plaintiff and hereby enter a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against Defendant.

### II. AFFIRMATIVE DEFENSES

2.     Further answering, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages were the result in part of negligent and negligent per se, acts and/or omissions of Plaintiff, whose acts or

omissions were a contributing proximate cause of the incident in question and the alleged damages resulting therefrom. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice or Remedies Code.

3.      Further answering, alternatively, and by way of affirmative defense, in the unlikely event that any liability be found on the part of Defendant, such liability be reduced by the percentage of causation and responsibility found to have resulted from the negligence and negligence per se of others, including Plaintiff.

4.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

5.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the Due Process Clause of both the United States and Texas Constitutions. Defendant further states that an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of laws under the Fourteenth Amendment, and violates the due process clauses of the Fourth and Fourteenth Amendments. Defendant pleads that any claims by Plaintiff for exemplary or punitive damages

should be stricken as unconstitutional and any award of exemplary or punitive damages should be set aside for the reasons stated above.

6.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the damages cap found in Chapter 41 of the Texas Civil Practice & Remedies Code.

## III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dart Transit Company requests that Plaintiff take nothing by her suit, that Defendant recover its costs expended, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

/s/ *Mark S. Scudder*
_____
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN T. FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 BRYAN STREET, SUITE 1800
DALLAS, TX 75201
(214) 871-2100
(214) 871-2111 Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of March 2022, a true and correct copy of the above foregoing document was filed in accordance with the Texas Rules of Civil Procedure.

*/s/ Mark S. Scudder* _____

**MARK S. SCUDDER**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Janet Casares on behalf of Mark S. Scudder
Bar No. 17936300
jcasares@qslwm.com
Envelope ID: 62322542
Status as of 3/4/2022 5:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janet Casares | | jcasares@qslwm.com | 3/4/2022 3:44:17 PM | SENT |
| Ryan Funderburg | | rfunderburg@qslwm.com | 3/4/2022 3:44:17 PM | SENT |
| Kim Price | | kprice@qslwm.com | 3/4/2022 3:44:17 PM | SENT |
| Mark S.Scudder | | mscudder@qslwm.com | 3/4/2022 3:44:17 PM | SENT |
| Timothy R.Reilley | | tim@reyeslaw.com | 3/4/2022 3:44:17 PM | SENT |

# EXHIBIT B-8

067-331797-22

FILED
TARRANT COUNTY
3/4/2022 3:48 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 067-331797-22

| | | |
|---|---|---|
| STEPHANIE VALASQUEZ | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| v. | § | 67TH JUDICIAL DISTRICT |
| | § | |
| DART TRANSIT COMPANY and | § | |
| THOMAS RASHAD | § | |
| | § | |
| **Defendant.** | § | TARRANT COUNTY, TEXAS |

### DEFENDANT RASAN THOMAS ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Rasan Thomas (incorrectly named as Thomas Rashad) ("Defendant"), defendant in the above-referenced Cause, and files this, his Original Answer, and would respectfully show the Court as follows:

## I. GENERAL DENIAL

1. Subject to such stipulations and admissions as have been made and may be made hereafter at or before trial, Defendant denies the allegations made by Plaintiff and hereby enter a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she has made against Defendant.

## II. AFFIRMATIVE DEFENSES

2. Further answering, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages were the result in part of negligent and negligent per se, acts and/or omissions of Plaintiff, whose acts or

omissions were a contributing proximate cause of the incident in question and the alleged damages resulting therefrom. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice or Remedies Code.

3.     Further answering, alternatively, and by way of affirmative defense, in the unlikely event that any liability be found on the part of Defendant, such liability be reduced by the percentage of causation and responsibility found to have resulted from the negligence and negligence per se of others, including Plaintiff.

4.     Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

5.     Further answering, alternatively, and by way of affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the Due Process Clause of both the United States and Texas Constitutions. Defendant further states that an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of laws under the Fourteenth Amendment, and violates the due process clauses of the Fourth and Fourteenth Amendments. Defendant pleads that any claims by Plaintiff for exemplary or punitive damages

should be stricken as unconstitutional and any award of exemplary or punitive damages should be set aside for the reasons stated above.

6.     Further answering, alternatively, and by way of affirmative defense, Plaintiff's claims for punitive and exemplary damages are barred and/or limited by the damages cap found in Chapter 41 of the Texas Civil Practice & Remedies Code.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Rasan Thomas (incorrectly named as Thomas Rashad) ("Defendant") requests that Plaintiff take nothing by her suit, that Defendant recover his costs expended, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

/s/ *Mark S. Scudder*

**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN T. FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 BRYAN STREET, SUITE 1800
DALLAS, TX 75201
(214) 871-2100
(214) 871-2111 Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of March 2022, a true and correct copy of the above foregoing document was filed in accordance with the Texas Rules of Civil Procedure.

<u>/s/ *Mark S. Scudder*</u>  _____
**MARK S. SCUDDER**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janet Casares on behalf of Mark S. Scudder
Bar No. 17936300
jcasares@qslwm.com
Envelope ID: 62323026
Status as of 3/4/2022 5:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark S.Scudder | | mscudder@qslwm.com | 3/4/2022 3:48:36 PM | SENT |
| Janet Casares | | jcasares@qslwm.com | 3/4/2022 3:48:36 PM | SENT |
| Kim Price | | kprice@qslwm.com | 3/4/2022 3:48:36 PM | SENT |
| Ryan Funderburg | | rfunderburg@qslwm.com | 3/4/2022 3:48:36 PM | SENT |
| Timothy R.Reilley | | tim@reyeslaw.com | 3/4/2022 3:48:36 PM | SENT |